Adam Winner
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
adamw@alaskainjury.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TAMMI MEISSNER,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Case No. |

# COMPLAINT

COMES NOW the plaintiff, TAMMY MEISSNER, by and through her attorneys, BARBER & ASSOCIATES, LLC, and for her complaint against defendant UNITED STATES OF AMERICA, does state and allege as follows:

## PARTIES

1. That at all times material hereto, plaintiff was and is a resident of Anchorage, Alaska.

2. The defendant is the United States of America.

## JURISDICTION, VENUE, AND TIMELINESS

3. This Court has subject matter jurisdiction under the Federal Tort Claims Act ("FTCA"); 28 U.S.C. 2671, et deq; and 28 U.S.C. 1346(b)(1).

4. Venue is proper in this Court, pursuant to 28 U.S.C. 1402, as this is the district wherein the acts complained of occurred.

5. Pursuant to 28 US.C. 2675(a), Plaintiff filed an administrative claim under the FTCA with the United States Department of Health & Human Services. Less than six months have elapsed since that claim was denied.

## FACTS

6. On or about 1/6/24, the plaintiff was injured when she slipped and fell on an accumulation of ice and/or snow, on the Alaska Native Medical Center ("ANMC") campus at 4315 Diplomacy Drive in Anchorage, Alaska, which posed a hazardous condition that contributed as a substantial factor in legally causing injury to the plaintiff for which the defendant is liable.

7. The plaintiff fell on ice on an exterior walkway and/or crosswalk at ANMC on 1/6/22.

8. The area where the plaintiff fell lacked adequate sand, gravel, or other material to provide traction.

## CLAIMS AGAINST THE UNITED STATES

9. That at all times material hereto, defendant owned and/or operated Alaska Native Medical Center ("ANMC") at 4315 Diplomacy Drive, Anchorage, Alaska, 99508.

10. That at all times material hereto, defendant was responsible for maintaining the exterior pedestrian walkways and crosswalks at ANMC.

11. That at all times material hereto, defendant had a duty to ensure that the exterior pedestrian walkways and crosswalks at ANMC were reasonably safe for intended users to walk on.

12. Defendant had a duty to use care and diligence to keep and maintain the exterior walkway and crosswalk areas at ANMC in a condition that was reasonably safe for intended users and free from defects and conditions which would render it dangerous and unsafe for plaintiff and other users, or that would present an unreasonable risk of harm to plaintiff in her lawful use of the premises.

13. Defendant was required to do whatever was necessary to put and keep the exterior walkways and crosswalk areas at ANMC in a reasonably safe condition.

14. Defendant was responsible for the safety of pedestrians walking on exterior walkways and crosswalks at ANMC.

15. Defendant's employees and/or agents knew or should have known that untreated ice on exterior walkways and crosswalks at ANMC posed an unreasonable safety hazard for intended users.

16. Intended users of the exterior walkways and crosswalks at ANMC where plaintiff fell included elderly and/or disabled people.

17. Defendant is liable for the actions and/or failures to act of its employees

and/or agents under theories of vicarious liability and/or agency and/or respondeat superior.

18. The defendant is liable for any negligence of its independent contractors regarding maintenance of its walking surfaces pursuant to its non-delegable duty of land owner or possessor.

19. Defendant was responsible for reasonably removing and/or treating accumulations of snow and/or ice on exterior walking surfaces at ANMC.

20. Defendant was responsible for providing reasonable warnings to exterior walkway and crosswalk users at ANMC if the areas were unreasonably slippery and/or not reasonably treated or maintained.

21. Defendant negligently failed to warn plaintiff of the hazard.

22. Defendant was negligent in its maintenance of the exterior walkways and crosswalks at ANMC on or about 1/6/22 which contributed as a substantial factor in causing harm to the plaintiff for which the defendant is liable.

23. The area where the plaintiff fell needed to be adequately sanded, chipped, or otherwise treated prior to plaintiff's fall and injury.

## CLAIMS FOR RELIEF

24. Defendant is liable for past and/or future: medical expense, pain, suffering, emotional distress, disability, loss of enjoyment of life, inconvenience, physical impairment, loss of earnings, diminished earning capacity, loss of non-market household

services, and other non-pecuniary damages to be more fully set forth at trial, all in an amount of damages in excess of $100,000 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

25. WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendant for an amount in excess of $100,000 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees and such other relief as the Court deems just.

DATED at Anchorage, Alaska this 28th day of May, 2024.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: s/ Adam Winner
ADAM WINNER
AK Bar #1205041

4543/01 Complaint
Meissner v. United States of America
Page 5

Case 3:24-cv-00114-HRH   Document 1   Filed 05/28/24   Page 5 of 5